■ THOMAS V. FOITL, Appellant-Respondent, v G.A.F. CORPORATION, Respondent-Appellant, et al., Defendant. — Order of the Supreme Court, New York County (Louis Grossman, J.), entered on December 7, 1982, which granted defendant's motion for summary judgment to the extent of dismissing the first and second causes of action of the complaint and denied plaintiff's cross motion for summary judgment, is modified, on the law, to the extent of granting defendant's motion for summary judgment dismissing the third cause of action and otherwise affirmed, and the complaint is, therefore, dismissed, without costs or disbursements. Plaintiff's third cause of action alleges that in reliance upon an interoffice communication dated January 10, 1972, pursuant to which defendant announced the existence of travel accident insurance, plaintiff did not purchase travel insurance for the trip on which he was injured and that by failing to pay plaintiff the travel accident insurance benefits to which he was entitled, defendant breached its employment contract with him and wrongfully interfered with his right to travel insurance benefits. However, an examination of the memorandum in question does not reveal any misleading representations. It does not contain any statement that all travel-related injuries would be covered by the existing company policy, nor does it exempt an employee from the obligation of reading the applicable insurance policy to determine what types of injuries are compensable therein. In the event that plaintiff had inspected the company's policy and found it to provide inadequate protection for his needs, he was certainly not precluded from purchasing additional insurance, although at his own expense. Moreover, the record does not disclose that plaintiff relied in any way upon the memorandum of January 10, 1972. As for the travel insurance policy at issue, its coverage extends only to employees who suffer permanent total disability, and plaintiff has failed to raise any issue of fact that he comes within that category. Consequently, Special Term should have granted defendant's motion in its entirety. Concur — Kupferman, J. P., Carro, Silverman, Milonas and Kassal, JJ.